IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03406-RBJ

SYDNEY T. BACCHUS,

    Plaintiff,

v.

DENVER DISTRICT COURT, and
COLORADO COURT OF APPEALS,

    Defendants.

## ORDER

This case comes before the Court on defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket #3].

**FACTS**

    A. <u>Complaint</u>.

The Court takes the following "facts" from the allegations in plaintiff's complaint:

1. Sydney T. Bacchus, a resident of Georgia, was a party to a partition action in the Denver District Court, case number 08CV6489.

2. On October 2, 2009 the district court issued its Findings, Conclusions and Order.

3. Ms. Bacchus alleges that she became indigent as a result of the financial burdens incurred in the partition case.

4. After the court's order, but while Ms. Bacchus was in the process of pursuing an appeal from that order ("the first appeal"), Ms. Bacchus developed a visual

impairment that severely limited her use of a computer and her ability to read hard copies of documents.

5. Ms. Bacchus alleges that her visual impairment constitutes a disability within the meaning of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.

6. The district court submitted the record on appeal and index for the first appeal to the Colorado Court of Appeals as a paper record. This was in accord with Colorado Chief Justice Directive 05-03(IV)(E)(2)(b) which provided that copies of tapes or CDs would not be used as the official record for purposes of appeal. The Chief Justice Directive also provided that only certified transcripts by reporters or authorized transcribers shall be used as the official records of court proceedings.

7. The record was not accessible to Ms. Bacchus because of her visual impairment and indigence.

8. Ms. Bacchus alleges that she was forced to spend many hours attempting to fulfill the district court's requirements for an appeal by an indigent pro se appellant.

9. Ms. Bacchus alleges that her vision further deteriorated during the first appeal, but evaluation by specialists was delayed because she could not afford medical insurance and due to the financial requirements imposed on her by the district court's failure to (a) provide a timely, accessible transcript of the partition trial to her and the appeals court; (b) provide an accessible record to her during her appeals; (c) order the defendants in the partition case to accommodate her visual impairment in their continued pleadings; (d) accommodate her visual impairment in the district court's continued rulings while her appeal was pending; (e) provide an equitable interim

distribution to her; and (f) appoint a receiver to disperse the funds resulting from the sale of the property being partitioned expeditiously and equitably.

10. The Complaint does not specify what specific form of "accessible" transcript and record she requested that the district court provide or when she requested it or what response, if any, she received to her request.

11. The Complaint likewise does not specify what specific accommodation Ms. Bacchus requested from the Colorado Court of Appeals, when she requested it, or what response, if any, she received to her request.

12. On August 18, 2010 the district court issued an "Order Granting Defendants' Motion for Interim Distribution."

13. On August 25, 2010 Ms. Bacchus mailed a "Notice of Second Appeal" to the district court and presumably, although the Complaint does not say so in so many words, also to the court of appeals. This "second appeal" challenged the district court's August 18, 2010 order. Ms. Bacchus alleges that she was forced to file the second appeal because she did not receive a readable copy of the motion by mail prior to the court's ruling.

14. Also on August 25, 2010 Ms. Bacchus mailed "Plaintiff/Appellant's Motion for Accommodation of Visual Impairment and *In Forma Pauperis* Status" and "Plaintiff/Appellant's Designation of Record on Appeal and Directions to Clerk for Order Granting Defendants' Motions for Interim Distribution" to both courts.

15. Mr. Bacchus alleges that she did not receive an accommodation from either defendant regarding her visual impairment.

16. Ms. Bacchus submitted "Plaintiff/Appellant's Motion Affidavit of Visual Impairment to the district court dated October 19, 2010.

17. Ms. Bacchus submitted "Plaintiff/Appellant's Emergency Motion for ADA Accommodation and Stay" to the district court dated January 12, 2011.

18. Ms. Bacchus first appeal resulted in an adverse ruling by the Colorado Court of Appeals on March 31, 2011. She alleges that this was caused by the lack of accessibility to the record which violated the ADA and prejudiced her case.

19. On September 15, 2011 the district court held a "final hearing," outside of Ms. Bacchus' presence.

20. Prior to that hearing the district court failed to accommodate Ms. Bacchus' disability by providing her with searchable electronic copies of pleadings and discovery documents.

21. The district court also did not accommodate Ms. Bacchus' repeated requests to reschedule the hearing based on scheduling conflicts related to her health.

22. On September 15, 2011 the district court issued "Findings, Order and Judgment."

23. Plaintiff alleges that she either has filed or will be filing an appeal of the September 15, 2011 judgment. This would be her "third appeal" in the partition case.

24. She requests "a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to implement meaningful accommodations for visually impaired individuals to the full extent required by the ADA, awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs, monetary damages and all other relief the Court deems just and proper." Complaint [#1] at 10-11.

B. Colorado Court of Appeals Order.

Defendants submit as Exhibit A [#3-1] to their motion to dismiss a copy of an unpublished opinion of a three-judge panel of the Colorado Court of Appeals in *Bacchus v. Thompson,* No. 09CA2433 (Colo. App. March 31, 2011). This is the "adverse ruling" to which Ms. Bacchus referred in her Complaint. Both parties have asked this Court to take judicial notice of the state court pleadings. The March 31, 2011 opinion states, among other things:

1. The parties to the partition case were Ms. Bacchus and her two brothers. They inherited the subject property as tenants in common. Ms. Bacchus brought a partition action in 2008. Slip Op. at 1.

2. The Denver District Court's October 2009 judgment approved the parties' stipulation partitioning the property in equal thirds; adopted the accounting presented by the brothers; denied Ms. Bacchus' request for the appointment of a receiver; awarded statutory interest; and ordered each party to pay his or her own attorney's fees. *Id.*

3. Ms. Bacchus filed her notice of appeal on November 13, 2009. *Id.* at 2.

4. Before turning to the merits of the appeal from the partition order, the court of appeals panel addressed several procedural issues raised by Ms. Bacchus: (a) the scope of the appeal; (b) her motion for extension of time; (c) her request that the court accept an audio recording of the trial in lieu of written transcripts; (d) her claim of denial of access to the record because of indigence; (e) her claim of denial of access to the record because of her disability; and (f) her claim that the court had violated the ADA. *Id.* at 3-17.

5. The court limited her appeal to the district court's October 2009 judgment following the partition trial. *Id.* at 3-4.

6. The court granted Ms. Bacchus an extension of time to file her opening brief to August 17, 2010. *Id.* at 4-6.

7. Ms. Bacchus argued that the court of appeals should have accepted an audio recording of the trial in lieu of written transcripts because she could not afford to pay the cost of transcribing the entire proceedings. However, the court denied that request, citing the Chief Justice Directive. *Id.* at 6.

8. Ms. Bacchus argued that her due process and equal protection rights were denied, because she could not afford, due to her indigency, to travel to Colorado to review the record in person. Those arguments were rejected pursuant to a Colorado Court of Appeals policy requiring pro se litigants to review records in person in the Clerk's Office. The court noted, however, that the record included two volumes of pleadings filed in the district court and all orders issued by the trial court. As a party to the case, Ms. Bacchus would have received copies of those documents. Nevertheless, at her request the court had provided her with a copy of the index to the paper record, identifying each document and providing page numbers. Her brief contained adequate citations to the documents in the paper record. The court thoroughly reviewed each document she cited. *Id.* at 7-10.

9. Regarding her claim of disability, Ms. Bacchus contended that the court violated her constitutional rights to due process and equal protection by failing to provide her a version of the paper record in "a format that could be converted to an audio version for visually disabled litigants." However, Ms. Bacchus had indicated that she was unable to travel to Colorado to view the record in person. She did not allege that she would have made the journey if the record were available in the format she requested,

and therefore this argument was moot. In any event, the court found that her due process and equal protection arguments were not meritorious. *Id.* at 10-11.

10. Regarding the ADA claim, Ms. Bacchus first requested an accommodation of her visual impairment pursuant to the ADA in a motion filed August 30, 2010, "*after* submitting her opening brief." *Id.* at 13 (emphasis in the original). At that time she proposed that the record and index of her pending and future appeals and copies of any orders or other documents filed in association with the case be provided to her in a searchable PDF format which has a read-aloud option, and that the court accept audio recordings of the trial as the official record. However,

    a. Ms. Bacchus provided no medical reports or other objective proof that she was disabled for purposes of the ADA, and therefore, she did not meet her burden of establishing with medical evidence the existence of the alleged disability; and

    b. She did not assert that there was a reasonable accommodation available that would have allowed her to review the paper record in the Clerk's Office.

    c. Modification of the court's policy requiring pro se litigants to review the record at the Clerk's Office would have addressed her indigency but would not eliminate discrimination based on her disability. Converting the record into a different format and then sending the converted record to her for review at a different location would not place her on an equal footing with non-disabled persons but instead would grant a benefit not available to non-disabled persons, which the ADA was not designed to do.

      d. The request that the court accept an audio record was not a reasonable accommodation of her disability. The format in which the court reviews the record is irrelevant to her disability. She had copies of the audio recordings for her own review.

Therefore, she did not establish a violation of her rights under the ADA. *Id.* at 12-17.

11. The Court of Appeals affirmed the October 2, 2009 judgment of the district court on its merits in all respects. *Id.* at 17-27.

C. <u>Denver District Court Order of September 20, 2011</u>.

The motion to dismiss also attached as Exhibit B [#3-2] the district court's Findings, Order and Judgment issued on September 20, 2011. *Bacchus v. Thompson,* No. 08CV648. This is the order referred to in the Complaint in this case as the September 15, 2011 judgment. This document added the following "facts":

1. The district court's hearing of September 15, 2011 concerned a final accounting and distribution of the net proceeds from the partition and sale of the subject property. Slip Op. at 1.

2. Despite notice and reasonable efforts by defense counsel's office to schedule the hearing with the plaintiff, she did not appear. The court concluded that she waived her appearance. *Id.*

3. Both before and after the district court's October 2, 2009 judgment, Gregory Thompson, one of Ms. Bacchus' brothers, managed the property properly and had displayed utmost good faith to the co-tenants. Through reasonable efforts he had secured a cash sale of the property which closed on June 10, 2010. *Id.* at 1-2.

4. Because Ms. Bacchus had refused to cooperate with the sale, including refusing to release a lis pendens on the property and to sign closing documents, the court appointed a fiduciary for her so that the sale of the property could close. *Id.*

5. Ms. Bacchus filed a "plethora of motions, objections, and other papers with the Court, which are frivolous, vexatious, confusing, and apparently intended to hinder and delay a prompt and economical resolution of this case." *Id.*

6. Therefore, the court awarded costs and attorney's fees of $9,039.16 to the defendants. *Id.* at 2-3.

7. The court adopted the managing brother's final accounting and settlement distribution document. *Id.* at 3.

8. The findings and orders constitute the final judgment of the court in the partition case. *Id.*

D. Additional Fact asserted by Defendants.

Defendants assert in their motion that plaintiff did not seek certiorari with respect to the Court of Appeals' March 31, 2011 decision, and that the mandate issued 46 days later. Plaintiff did not dispute that fact. However, no pleading of which the Court can properly take judicial notice has been provided.

E. Facts asserted by Plaintiff.

In her response brief [#7] plaintiff asserts that her first two appeals in the state court case have been concluded, but that her third appeal is pending. *Id.* at 2. However, plaintiff did not provide copies of the relevant pleadings.

### STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) can either "(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Where, as here, there is a factual attack on the basis for jurisdiction, the court does not presume the truthfulness plaintiff's allegations but has wide discretion to consider other evidence. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995).

In reviewing a motion to dismiss for failure to state a claim on which relief could be granted under Rule 12(b)(6), the Court accepts the well-pleaded allegations of fact in the Complaint as true. This does not, however, include purely conclusory allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If matters outside the pleading are considered, the motion shall be treated as one for summary judgment. *Id.* The Court may take judicial notice of state court pleadings without converting a Rule 12(b)(6) motion to a motion for summary judgment. *See Pace v. Swerdlow,* 519 F.3d 1067, 1072 (10th Cir. 2008).

### **CONCLUSIONS**

#### A. **Jurisdiction.**

Defendants assert that Ms. Bacchus' claim is barred by the so-called "Rooker-Feldman" doctrine. This doctrine, named after two Supreme Court cases, provides that a state-court loser cannot obtain federal district court review of the state court's judgments. *Skinner v. Skinner,* 131 S.Ct. 1289, 1297 (2012). The appropriate path for a state court appeal is to exhaust the state court appellate process by eventually petitioning the state's highest court for review and then to petition the United States Supreme Court for review. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Defendants contend that plaintiff is seeking federal court review of the Colorado Court of Appeals' denial of plaintiff's ADA claim, contrary to Rooker-Feldman. Plaintiff responds that Rooker-Feldman does not apply; because the third appeal is pending, the state court proceeding has not ended. Defendants reply that in that situation this Court should abstain from interfering with ongoing state court litigation pursuant to the "Younger doctrine." Named after *Younger v. Harris,* 401 U.S. 37 (1971), this doctrine require a federal court to abstain from exercising jurisdiction when "(1) there is an ongoing state, criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Brown ex. Rel. Brown v. Day,* 555 F.3d 882, 887 (10th Cir. 2009).

I disagree with both parties. Rooker-Feldman would be implicated if plaintiff were seeking review of the state court judgments and opinions on the merits of the partition action. She is not. *Younger* might be implicated if plaintiff had elected to file her ADA complaint in a

11

Colorado state district court in the first place and the issue was being fully litigated in the state court system. She did not.

Plaintiff alleges in this case that she became disabled while pursuing her first appeal from the ruling of the state district court in the partition case. She alleges that she sought accommodations from the defendants in terms of the manner in which the record on appeal was prepared and made available to her. The accommodations were not granted. She asserts that her rights under the ADA were violated by the defendants. Other than the unusual fact that the defendants are courts, her claim is similar to an ADA complaint against any public body.

The Colorado Court of Appeals panel chose to address her ADA issue in the appellate opinion on which it also addressed other procedural issues and the merits of the partition judgment itself. That did not, however, put this Court in a position of reviewing the Court of Appeals' action on the ADA claim. The opinion of the three-judge panel clarifies some potentially relevant facts concerning when Ms. Bacchus first asserted rights under the ADA and what showing of disability she made or did not make. It explains why that panel did not believe that she had a meritorious ADA claim and why the panel did not order the Court of Appeals to make the accommodation she sought. However, that is all that it did. There was no state court adjudication at the district court level, because Ms. Bacchus did not file her ADA claim in state court.

Accordingly, the motion to dismiss the present case for lack of subject matter jurisdiction is denied.

### B. **Failure to State a Claim**.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Accordingly, "[t]o state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

She has sufficiently alleged for purposes of a motion to dismiss that she was a qualified individual with a disability. The problems with her Complaint, however, relate to whether she has sufficiently alleged that either defendant refused to make a reasonable accommodation of her disability, and even more so, whether she seeks relief that would remedy the alleged wrongs.

Denver District Court. How the Denver District Court is implicated in an ADA violation is unclear from her Complaint. She alleges that her disability developed after the district court trial and judgment. She alleges that the district court submitted the record on appeal to the Court of Appeals as a paper record, consistent with a Colorado Chief Justice Directive in effect at the time. However, she does not allege, or at least does not clearly allege, that she requested any specific accommodation from the district court before whatever accommodation she requested in her August 25, 2010 motion.[1] By then she had already filed her brief on appeal.

I note that, according to the Court of Appeals order of March 31, 2010, Ms. Bacchus had copies of audio recordings. Whether the entire trial and all hearings in the district court were audio recorded was not indicated in her Complaint. However, Ms. Bacchus does not allege that she requested that the Denver District Court provided copies of audio recordings of any proceedings that were not provided to her.

---

[1] As indicated above, Ms. Bacchus alleges that she mailed a "Motion for Accommodation of Visual Impairment and *In Forma Pauperis* Status" to the district court dated August 25, 2010. She did not provide a copy of that motion to this Court, leaving me completely in the dark as to what she requested at that time.

Ms. Bacchus does allege that, prior to the September 15, 2011 hearing, "the district court *again* failed to order the Defendants to accommodate Ms. Bacchus' disability, such as providing her with searchable electronic copies of pleadings and discovery documents to prepare for that final hearing." Complaint [#1] ¶33 (emphasis added). The implication is that she had requested, but the district court had not provided, searchable electronic copies of pleadings and discovery documents previously. The request itself is hard to understand in view of her other allegation that her disability "severely limited her use of the computer." *Id.* ¶17. Moreover, as a party she presumably had copies of all pleadings. She does not indicate that she could not access the state court's electronic filing system. She does not allege that the Denver District Court had searchable copies of pleadings or discovery documents available to provide to her.

The Complaint does not allege that having searchable pleadings or discovery documents would have helped her in relation to the September 15, 2011 hearing. She did not even attend that hearing. Nor does she allege that having searchable pleadings or discovery documents at any particular point in time would have made a difference in the outcome of any of her appeals. In short, she has not clearly alleged facts that state a plausible claim of discrimination or failure to make reasonable accommodations of a disability against the Denver District Court.

Colorado Court of Appeals. Likewise, Ms. Bacchus does not indicate in her complaint that she raised an ADA issue or requested an accommodation from the Court of Appeals before she filed her opening brief in her first appeal. She has not alleged that she requested permission to withdraw that brief and substitute a different brief after the record was put in a different format. Giving her the benefit of the doubt, she seems to be implying that she has been hindered in some way in her ability to pursue her second and third appeals. However, that is certainly not clearly asserted.

She states, without providing any state court pleadings, that the first and second appeals have been concluded, but that her third appeal is pending (the one that she through counsel asserted in the Complaint that plaintiff either had filed or would be filing). That appeal is from a district court order of September 20, 2011 following the September 15, 2011 hearing. Again, she has not alleged that she requested but has not been provided a copy of the audio recording of that hearing for use on appeal. She has not alleged that she has been unable to read, or have someone read to her, the four-page district court order. She has not alleged that she has made a specific request for an accommodation by the Court of Appeals with respect to the record relevant to the third appeal.

Relief sought. Ms. Bacchus prays for "a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to implement meaningful accommodations for visually impaired individuals to the full extent required by the ADA, awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs, monetary damages and all other relief the Court deems just and proper." Complaint [#1] at 10-11. Even if I could liberally construe the Complaint for purposes of a motion to dismiss as setting forth a plausible claim that the defendant courts had discriminated against Ms. Bacchus in violation of the ADA, it is difficult to understand how the Court could grant the relief that she seeks.

According to plaintiff's response brief, although not supported by any pleadings as to which the Court could take judicial notice, the first and second appeals have been concluded. Obviously, therefore, this Court could not enjoin the further processing of those appeals. In her response brief Ms. Bacchus withdrew what had appeared to be a prayer for money damages.

Response [#7] at 3-4. Therefore, money damages are not being sought in respect to the first and second appeals.

Her "third appeal" which is apparently still pending, apparently (although I have not seen any pleadings regarding it) challenges the district court's final distribution of the proceeds of the sale of the property that is the subject of the partition action and the court's award of attorney's fees against her as a sanction for frivolous and vexatious litigation conduct. Is she asking this Court permanently to enjoin the Court of Appeals from deciding her own appeal? Is she asking this Court to enter a mandatory injunction requiring some specific accommodation that she has requested of the Court of Appeals in respect to the third appeal but has not received? Does she contend that she will be irreparably harmed if the Court does not enter an injunction (she has not alleged irreparable harm)?

The reason this is unclear, at least to me, is that the prayer for relief does not appear to be focused on the pending third appeal. Rather, Ms. Bacchus broadly asks this Court permanently to enjoin "Defendants from continuing its (sic) discriminatory practices," and mandatorily to order "Defendants to implement meaningful accommodations for visually impaired individuals to the full extent required by the ADA." This is not a class action. Ms. Bacchus makes no attempt to show how she has standing to seek such relief on behalf of persons other than herself.

She also demands an award of attorney's fees for pursuing this case. If this Court is not in a position to grant the injunctive relief she seeks, then this request would amount to her attorney's desire to be compensated for pursuing a suit that offers no tangible benefit to his client. That is not relief that this Court could or would grant.

Even given the liberal standards for judging a Rule 12(b)(6) motion, I am not able to conclude that this Complaint states a claim for relief that this Court could or would grant.

**Order**

The defendants' motion to dismiss [#3] is GRANTED. However, the dismissal is without prejudice. Further, in order to avoid a second filing fee, the Court grants the plaintiff leave to file an amended complaint within 14 days if she wishes to do so. She should expect that the Court will grant a motion to dismiss an amended complaint and to award costs to the defendants if the issues addressed in this order are not clearly and specifically remedied.

DATED this 15th day of August, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge