IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-03406-RBJ

SYDNEY T. BACCHUS,

 Plaintiff,

v.

DENVER DISTRICT COURT, and the
COLORADO COURT OF APPEALS,

 Defendants.

ORDER

 Sydney Bacchus complains that the Denver District Court and the Colorado Court of appeals violated her rights under the Americans with Disabilities Act by failing to make reasonable accommodations to her visual impairment in her attempts to appeal from an adverse district court order in a partition case. Defendants move to dismiss on grounds of mootness and failure to state a claim upon which relief can be granted. For the reasons set forth in this Order, the motion to dismiss is granted in part and denied in part.

 **Facts**

 This case arises from a partition action brought by Ms. Bacchus in the District Court for the Second Judicial District, commonly known as the Denver District Court. Ms. Bacchus alleges that sometime after the district court issued its findings, conclusions and orders in the partition case on October 2, 2009, she developed a visual impairment that limits her ability to see text on a computer, to conduct computer searches, or to read hard copies of documents. She

1

further alleges that she then made the following specific requests for accommodations from the district court, apparently in connection with post-trial proceedings and her ensuing appeal:

- electronic copies of the record that were searchable and could be read aloud by a computer program
- an order that the opposing parties provide Ms. Bacchus with copies of all of their filings in an electronic format that was searchable and with a read-aloud function
- audio transcripts of the trial and hearings that were in a universally accessible format such as MP3
- scheduling of hearings at times that did not conflict with Ms. Bacchus's doctors' appointments
- permission to appear telephonically at subsequent hearings
- extensions of time to respond to pleadings and orders and to prepare for hearings.

Ms. Bacchus alleges that the court refused each of these accommodations, even though it should at least have been able to provide her with searchable, read-aloud copies of the record because it already had these copies in its electronic filing system. Ms. Bacchus alleges that she was unable to access that filing system or the electronic version of the records contained within it. Similarly, she alleges that the district court had audio recordings of the trial and hearings, because it is standard practice to record those proceedings, but while the court did send her the recordings, they were in a format that she could not play and that no professional company she contacted could convert to an accessible version. Finally she alleges that the judge in the Denver District Court was unwilling to accommodate her doctors' appointments when scheduling hearings and refused to allow her to appear telephonically even though those accommodations are often made for attorneys.

Ms. Bacchus alleges that she also made several specific requests for accommodations to the Colorado Court of Appeals for accommodations, namely, that it

- order the Denver District Court to provide her with read-aloud, searchable electronic copies of the record
- order the Denver District Court to provide her with audio transcripts of the trial and hearings in a universally accessible format such as MP3
- accept an audio transcript as the official record
- grant her extensions of time to appeal.

She alleges that the appellate court refused to grant any of these requests. The Colorado Court of Appeals issued an unpublished decision, affirming the judgment of the trial court, on March 31, 2011. [document #3-1].[1] She alleges that all together she has pursued three appeals, all of which have been unsuccessful.

Ms. Bacchus filed the present lawsuit on December 30, 2011. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On August 15, 2012 this Court granted the motion to dismiss but granted Ms. Bacchus leave to file an amended complaint. She did so, following which the defendants again moved to dismiss. Assuming that Ms. Bacchus intended only to seek injunctive relief, defendants argue that her amended complaint should be dismissed as moot, because she has nothing pending in either the Denver District Court or the Colorado Court of Appeals. Alternatively, they argue that the amended complaint fails to state a claim on which relief could be granted, because Ms. Bacchus is not disabled within the meaning of the Americans with Disabilities Act.

---

[1] In resolving a motion to dismiss under Rule 12(b)(6) the Court generally is limited to the four corners of the complaint and must resolve all well-pleaded allegations of fact in the plaintiff's favor. However, the Court takes judicial notice of court opinions.

### Conclusions

### A. Are Ms. Bacchus' Claims Moot?

"A case, although live at the start, becomes moot when intervening acts destroy a party's legally cognizable interest in the outcome of adjudication. In such a case, Article III would deprive the federal courts of jurisdiction over that party's claim." *Tandy v. City of Wichita,* 380 F.3d 1277, 1290 (10th Cir. 2004)(citation omitted).

In her amended complaint [docket #10] Ms. Bacchus asks this Court to grant "a permanent injunction enjoining Defendants from continuing its [sic] discriminatory practices against Ms. Bacchus, [and] ordering defendants to implement meaningful accommodations for Ms. Bacchus' visual impairment as an indigent *pro se* litigant to the full extent required by the ADA." *Id.* at 17. The defendant courts argue that this prayer for injunctive relief is moot, because Ms. Bacchus does not allege that she has any matter presently pending in either the Denver District Court or the Colorado Court of Appeals. I agree.

According to Ms. Bacchus' amended complaint, the Colorado Court of Appeals dismissed her "final appeal." *See, e.g., id.* at ¶¶ 43, 63. In her response brief she suggests through counsel that she "still has post judgment litigation options in the state trial court which, after three summary dismissals in the Court of Appeals – including one improvidently entered during the pendency of this case – she has a reasonable expectation that she will be subjected to a similar summary disposition." Response [#14] at 4. The short answer is that Ms. Bacchus has not alleged that anything is pending, or that she has any present intention to file anything, in the Denver District Court. The comment of counsel in the response brief is outside the amended

complaint, which is silent on this subject. A claim is moot when "a favorable decision will not afford the plaintiff relief." *McAlpine v. Thompson,* 187 F.3d 1213, 1216 (10th Cir. 1999).

Courts need not necessarily declare a matter to be moot where the complained-of action is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515 (1911). However, this applies only in exceptional situations where "(1) the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party ... [will] be subjected to the same action again.'" *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008)(citations omitted). Although Ms. Bacchus has alleged that she "anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remedy court access violations for visually impaired indigent person such as her," Amended Complaint at ¶66, the allegation is entirely lacking in plausibility given that she has not alleged that anything is or will be pending in state court, much less that any further post-trial motions under Rule 59 or 60 of the Colorado Rules of Civil Procedure at this point would be timely or have any realistic possibility of success regardless whether her requested accommodations were granted.

Finally, Ms. Bacchus argues that even if her request for injunctive relief is moot, her request for damages is not. In her prayer for relief she asks this Court to "direct the district court to reimburse Ms. Bacchus for the payments she made to the district court for the audio transcripts and records that were not accessible to Ms. Bacchus" Amended Complaint at 17. She also asks this Court to award "all awardable monetary damages." *Id.* In the motion to dismiss defendants speculated that Ms. Bacchus was not actually seeking damages because she withdrew her claim for money damages in response to their original motion to dismiss. Motion

[#11] at 3 n.1.  Ms. Bacchus responds that "despite the Plaintiff's earlier willingness to move forward seeking only injunctive relief, and because the Defendants' have acted so cavalierly in the past, the Plaintiff purposefully left a damages remedy option in the Amended Complaint."  Response [#14] at 4.  Defendants do not address this issue in their Reply.

The question for this Court thus becomes whether Ms. Bacchus has sufficiently asserted that she has sustained an injury compensable in money damages to withstand a motion to dismiss.  Her request for an order requiring the Denver District Court to reimburse the costs she incurred with respect to the allegedly unusable audio files will not do it.  She does not allege that she requested such reimbursement, or that the court refused the request, but most importantly, she is not alleging that this cost was caused by a refusal to accommodate her visual impairment.  Rather, the cost was incurred because of the court's apparently unsuccessful effort to provide the information in a form that she desired.

The question on which the pending motion turns is whether a prayer for relief for "all awardable monetary damages" is sufficient to ward off a motion to dismiss.  It is a close call, because even after being permitted to amend her complaint, her allegations of fact do not indicate what type of compensable damages she sustained.  However, an intentional violation of one's rights under the Americans with Disabilities Act should be compensable at least in an award of nominal damages even if a specific monetary loss cannot be proved.  *See generally Tandy,* 380 F.3d at 1289-90.  *See also Griffin v. Steeltek, Inc.,* 261 F.3d 1026, 1028-29 (10th Cir. 2001).  *Cf. Powers v. MJB Acquisition Corp.,* 184 F.3d 1147, 1153 (10th Cir. 1999)(construing the Rehabilitation Act).  Therefore, construing the amended complaint liberally to Ms. Bacchus' benefit, the Court finds that it sets forth enough to survive a motion to dismiss.

### B. Is Ms. Bacchus Disabled?

In her amended complaint Ms. Bacchus alleges that she suffers from a visual impairment that causes her to see triplicate, limits her ability to see text on a computer, read hard copies of text, and her overall ability to see and to drive. Amended Complaint ¶ 17. [#10]. At the pleading stage, a plaintiff is not required to identify a particular life activity affected by the alleged disability or detail the nature of her substantial limitations. *Hughes v. Colorado Dep't of Corr.,* 594 F. Supp. 2d 1226, 1240 (D. Colo. 2009).

Defendants argue that the documents Ms. Bacchus filed in support of her claims, including medical records, demonstrate that she is not disabled. Motion to Dismiss [#11] at 9-13. However, when deciding a motion to dismiss, the Court generally relies on the pleadings themselves. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215-16 (10th Cir. 2007). If the Court considers materials outside of the pleadings, the motion should be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the parties should be given an opportunity to provide all relevant information. *Id.* In this instance, the Court declines to convert the defendants' motion to a motion for summary judgment. Whether Ms. Bacchus is a disable person within the meaning of the Americans with Disability Act turns on expert opinion evidence, and the Court concludes that she should be given the opportunity, assuming that she still wishes to press forward with this case, to develop and present expert testimony on the issue.

### Order

Defendants' motion to dismiss [#11] is GRANTED IN PART and DENIED IN PART. It is granted insofar as Ms. Bacchus seeks any form of injunctive relief. It is denied insofar as it seeks an award of damages for the alleged violation of her rights as a disabled person. Counsel

are referred to docket #2 and directed promptly to set an initial scheduling conference in this case.

DATED this 19th day of August, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge